J. S06014/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: M.H.G., A MINOR  :   IN THE SUPERIOR COURT OF
 :        PENNSYLVANIA
 :
APPEAL OF: L.A.L., MOTHER      :   No. 813 EDA 2014

Appeal from the Decree entered February 5, 2014
In the Court of Common Pleas of Philadelphia County,
Family Court, at No(s): CP-51-AP000222-2013; FID #51-FN-002419-2011

IN THE INTEREST OF: M.C.G., A MINOR  :   IN THE SUPERIOR COURT OF
 :        PENNSYLVANIA
 :
APPEAL OF: L.A.L., MOTHER      :   No. 814 EDA 2014

Appeal from the Decree entered February 5, 2014
In the Court of Common Pleas of Philadelphia County,
Family Court, at No(s): CP-51-AP000223-2013; FID #51-FN-002419-2011

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:    **FILED MARCH 05, 2015**

I agree with the majority that the trial court did not abuse its discretion in finding grounds for termination under 23 Pa.C.S. § 2511(a)(2).

However, I respectfully disagree with the majority's conclusions pertaining to Subsection 2511(b). As the majority states, there was "little, if any" evidence presented about the bond between Mother and the Children. My review of the termination hearing transcript reveals the following. DHS social work service manager Sakinah Jones testified positively about the

---

[*] Former Justice specially assigned to the Superior Court.

bond between Children and the foster parents, and stated that termination of Mother's parental rights would not be detrimental to the Children. *See* N.T., 2/5/14, at 37, 39-40, 46. However, there was no question posed to Ms. Jones, and no testimony from her, about the bond between Mother and the Children. The sole evidence about the interaction between Mother and the Children during visits was Ms. Jones' testimony that the visits "appear to be appropriate in a supervised setting." *Id.* at 53. While Mother testified at the hearing, she likewise did not testify about any bond with the Children.

In its opinion, the trial court's sole discussion under Subsection (b) was the Children's bond with their foster parents, and Ms. Jones' testimony that permanency and adoption were in the Children's best interests. *Id.* at 5. However, the opinion was silent as to whether the Children had a bond with Mother.

In light of the foregoing, I would remand for the court to conduct further evidentiary hearings and enter findings of fact and conclusion of law on this issue. *See In re of K.Z.S.*, 946 A.2d 753, 760 (Pa. Super. 2008) (stating court: (1) **must** discern nature and status of parent-child bond, paying close attention to effect on child of permanently severing bond; (2) should also consider importance to child of continuity of relationships; and (3) **must** consider whether natural parental bond exists between child and parent, and whether termination would destroy existing, necessary and beneficial relationship).